FILED

SEP 08 2016

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

UNITED STATES DISTRICT COURT

OF THE SOUTHERN DISTRICT OF INDIANA

Case No# _____

Plantiff:

Brigitte Kephart    PRO SE
2918 MacPherson Ave
Indianapolis, IN 46205
(317) 345-5562
Brigitte.kephart@yahoo.com

Jury Trial:       Yes

VS.

**1  16-cv- 2 4 0 1 WTL -MPB**

Defendants:

Indiana Department of Workforce Development
10 N. Senate Ave
Indianapolis, IN 46204
(317) 233-0800 General Information

Gwen Winderlich, Pre-deprivation Officer
Indiana Department of Workforce Development
10 N. Senate Ave
Indianapolis, IN 46204
(317) 234-8428

Jeffrey Gill, General Counsel
Department of Workforce Development
10 N. Senate Ave
Indianapolis, IN 46204
(317) 233-5044

Laura Twyman, Human Resource Director
Indiana Department of Workforce Development
10 N. Senate Ave
Indianapolis, IN 46204
(317) 233-5232

Bruce Baxter, Director of Employee Relations
State Personnel Department
402 W. Washington St., Rm W161
Indianapolis, Indiana 46204
(317) 233-8796

pg. 1

Hon. Gabriel Paul
Chief Administrative Law Judge, SEAC
Indiana Government Center North, RM N501
10 N. Senate Ave
Indianapolis, IN 46204
(317) 232-3137


State Personnel Department
Jon Darrow, Director of Personnel
IGCS, Room W161
402 West Washington Street
Indianapolis, IN 46204
(317) 234-4646


Attorneys:

Cynthia Lee
(317) 234-6315
Jack Gannon
(317) 232-7482
Indiana Department of Workforce Development
10 N. Senate Ave, Room E012
Indianapolis, IN 46204

UNITED STATES DISTRICT COURT

OF THE SOUTHERN DISTRICT OF INDIANA

## COMPLAINT

Petitioner, Ms. Kephart, was a classified employee with the Indiana Department of Workforce Development (DWD) when she was terminated on Feb 5, 2015.  A classified employee may only be terminated for "just cause".  Petitioner had a property right in continued employment and was entitled to procedural and substantive Due Process Rights under 5th and 14th Amendment of the US Constitution. _Board of Regents v Roth, 408 U.S. 564, 576-578, 92 S.Ct. 2701, 2708-2709-, 33 L.Ed.2d 548 (1972)_; _Reagan V. United States, 182 U.S. 419, 425, 21 S.Ct. 842, 845, 45 L.Ed. 1166 (1901)._  Violation of Petitioners rights occurred under the following Federal and State law governing Civil Service employee rights to due process _5 U.S.C. §7513_ and provisions applicable under _42 U.S.C § 1983_, deprivation of rights and failure to train. Prohibited personnel practices; discrimination on the basis of conduct that does not adversely affect the performance of the employee, _5 USC §2302(b)(10)._  Violations occurred under Fair Standards Labor Act of 1938 Regulations (_FSLA_) _29 CFR 785.19(a)_ Bona fide meal periods; _29 CFR 785.11_; general, work not requested but suffered or permitted is work time;  Violations occurred under state statutes governing 'just cause' determination practices based on the Merit System, policy enforcement, interpretation and administration of Statues IC _§22-4-15-1(D)(23)_ Discharge for Just Cause, _IC § 4-15-2.2-12,4(b),5_; Construction; merit principles, _IC § 4-15-2.2-15(1,10,13(a)(b),16)_; Duties of Director, _IC § 4-15-2.2-34_; Classified service; work test period, _IC § 4-15-2.2-36_; Evaluation standards; service ratings, _IAC § 1-5-13_; Ghost employment _IAC § 22-5-3-1_ Prohibited state blacklisting practices and _IAC § 22-5-3-3_; Protection of employees reporting violations of federal, state or local laws; disciplinary actions; procedures.

## Introduction

1. Plaintiff, Brigitte J. Kephart proceeding Pro Se, brings this action pursuant to 5 U.S. Code §7703 Judicial reviews of decisions of the Merit Systems Protection Board; _5 U.S.C. §7513, Civil Service cause and procedure,_ and provisions applicable under _42 U.S.C § 1983_, civil action for deprivation of rights and failure to train.

2. Ms. Kephart was a "classified" employee with all rights conveyed under federal and state statues and as such is entitled to "due process" and "just cause" for discipline under the Merit System.

3. Ms. Kephart was denied due process rights under *U.C.S. §7513*
   a. Plaintiff was not given notice of any infractions prior to the date of termination.
   b. Plaintiff was not involved in criminal activity.
   c. Plaintiff did not receive progressive discipline.

4. Plaintiff's rights under blacklisting were violated when she learned during mediation that she had been flagged as 'not eligible for rehire' which prevented her from obtaining employment with all other state agencies under the Indiana State Personnel system, *IAC § 22-5-3-1;* This is a state personnel policy practice.

5. Plaintiff's rights under FSLA were violated because it was customary in her department to cover high call volumes during breaks, lunches and after hours without compensation, *29 U.S.C. § 201.*

6. Plaintiff incurred damages as the result of termination in loss of wages, public perception of terminated state employees which prolonged her unemployed status, self-esteem and emotional distress from being "fired" from her position, and her professional skills and knowledge were challenged putting a dark cloud over her prior work experience.

7. Proper training of state personnel and public policy administrators on basic civil service law and policy administration could have prevented adverse actions taken against Ms. Kephart which resulted in her termination, instead of a properly executed progressive discipline measure. *42 U.S.C § 1983* Failure to train.

## Jurisdiction

8. This court has jurisdiction pursuant to the following statues:
   a. 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;
   b. 28 U.S.C. §1343 (3) and (4), which gives district courts additional jurisdiction over actions to secure civil rights extended by the United States government;
   c. 28 U.S.C. §1367, which gives the district court supplemental jurisdiction over state law claims.
   d. Plaintiff has exhausted her administrative appeals through the SEAC process with the State of Indiana. Case # 04-15-029 final order issued August 10, 2016.

## Venue

9. Venue is proper in this judicial district under *28 U.S.C 1391(b)*, because the events that gave rise to this Complaint occurred in this district, *42 U.S.C. Section 2000e5(f)(3)*, Enforcement provisions; and *42 U.S.C. Section 1983*, deprivation of constitutional and federal statutory rights by persons acting under "color of law"; as Plaintiff was an employee with "classified" status by the State of Indiana, Department of Workforce Development in Indianapolis, Indiana at the time of her termination. Employment records were maintained by the DWD in this judicial district, and decisions adverse to Plaintiff's employment that are subject of this civil action were made in this judicial district. DWD is an agency bound by statutes covered under civil service for due process and merit system determinations.

## Parties

10. Plaintiff, Brigitte J. Kephart, a female who is at least 40-years old, is a citizen of the United States and a resident of the State of Indiana. At all times relevant to this suit until she was terminated on February 5, 2015 she was employed as an Audit Examiner 3 with the State of Indiana in the Department of Workforce Development, Tax Division. She attained classified status on October 28, 2014.

11. Defendant, Jeffrey Gill, is General Counsel with the Department of Workforce development. Jeffrey Gill is being sued in his official capacity as General Counsel for DWD and in a supervisory capacity for Gwendolyn Winderlich. As such, he has a duty to insure that the state's civil service Merit System is complied with under state and federal law and ensuring that employees responsible for administering employment policy are trained properly regarding execution of state policy.

12. Defendant, Gwendolyn Winderlich, is the pre-deprivation office with the Department of Workforce development. Gwendolyn Winderlich is being sued personally and in her official capacity as the depriving officer who made the decision to terminate petitioner instead of following guidelines for progressive discipline. As such, she deprived the petitioner of her due process rights and her right to progressive discipline under the Civil Service Merit System.

13. Defendant, Hon. Gabriel Paul, is an Administrative Law Judge with the State Employees Appeals Commission (SEAC). Gabriel Paul is being sued in his official capacity as ALJ in this case. As such, he has a duty to insure that state's civil service Merit System is complied with under state and federal law ensuring that cases brought before him are in

compliance with civil service guidelines, and proper interpretation of statute and application.

14. Defendant, Laura Twyman, is a Human Resource Director for the Department of Workforce Development. Ms. Twyman is being sued in her official capacity as the director of HR over DWD; in a supervisory capacity for Gwendolyn Winderlich; and as oversight review of personnel actions which were appealed under the SEAC process. As such, she has a duty to ensure that officers acting in a deprivation capacity have been properly trained on the state Merit System, and the rights of employees covered under both the Federal and State Civil Service laws are protected, and to review actions performed by those officers to ensure compliance.

15. Defendant, Bruce Baxter, is a Director of Employee Relations for the State of Indiana Personnel Department. Mr. Baxter is being sued in his official capacity as the Director of Employee Relations and as oversight review of personnel actions appealed under the SEAC process. As such, he has a duty to review personnel actions under the SEAC process and ensure that both agency and officers are in compliance with the state Merit System, and Federal and State Civil Service laws.

16. Defendant, Department of Workforce Development, is an agency responsible for the administration of unemployment insurance. The DWD is being sued in its official capacity as employer to plaintiff at the time of termination. The agency has a duty to ensure its policy administrators follow the state laws, rules, and policies that keep it in compliance with the state Merit System and the Federal and State Civil Service laws. *IC § 4-15-2.2-34*

17. Defendant, Jon Darrow, is the Director of Personnel with the State of Indiana Personnel Department, a state agency responsible for the administration of Indiana Personnel management and training. Mr. Darrow is being sued under section 1983 in his official capacity, and his agency's responsibility, to provide training of personnel on laws, rules and policies that affect state government employment. As such, the agency has a duty to monitor and review personnel practices to ensure proper compliance with such laws, rules and policies. *IC § 4-15-2.2-34*

## Statement of Facts

18. Plaintiff Brigitte J. Kephart was a classified employee with the State of Indiana, Department of Workforce Development, before being terminated by the agency.

19. At the time of her termination with the state, Ms. Kephart worked as an Audit Examiner 3 within the Department of Workforce Development Tax Division.

20. On February 5, 2015, Ms. Kephart was instructed by her supervisor, Elizabeth Huffman, that she was schedule to attend a Pre-deprivation hearing in the DWD Human Resources department at 11AM. Ms. Kephart asked what a pre-deprivation hearing was and her supervisor stated that she was not allowed to discuss it with her. Ms. Kephart stated that she understood that she couldn't discuss the particulars and asked for clarification on the nature of a pre-deprivation hearing. Her supervisor informed her that they would explain it at the meeting. Ms. Huffman told her she could take a silent witness with her if she chose.

21. Ms. Kephart arrived at the appointed time, without a silent witness, and was introduced to the pre-deprivation officer, Gwendolyn Winderlinch. Ms. Winderlich asked if Ms. Kephart had been informed of why she had been asked to attend the meeting. Ms. Kephart stated that she had not. Ms. Winderlich stated that they were not supposed to have discussed it with her prior to her arrival.

22. Ms. Winderlich presented several documents to the plaintiff consisting of personal emails and personal documents that had been stored on her computer. The Pre-deprivation officer stated that the items represented a violation of the IRUA policy which covered employee use of information resources with the state of Indiana.

23. Ms. Winderlich also stated that many of the items appeared to have been done while during work hours.

24. Ms. Kephart apologized and stated that she was unaware that the items constituted a violation of policy. Plaintiff stated that she would return to her desk and remove the items immediately.

25. Ms. Kephart stated that she thought she was allowed to work on personal items during breaks, lunches and after hours. Plaintiff further explained that when call volumes were high she was often required to pick up on calls during her break, lunch and after hours in order to cover workflow and she would then return to her personal items to finish the interrupted break or lunch.

26. Ms. Kephart also stated that she thought her supervisor was aware of the activity because she often stayed late to work on the documents which belonged to a writing critique group and that she participated in these activities because she felt they improved her writing and communication skills which were used daily in her position as an audit examiner.

27. Ms. Winderlich told the plaintiff to return to her work station. Pre-deprivation officer stated that she would review the documents and instructed Ms. Kephart to return to the HR office at 3:00PM the same day.

28. Ms. Winderlich did not give any indication that the Plaintiff's job might be in jeopardy or that she might be terminated later in the day.

29. Ms. Kephart returned to her desk and waited until her lunch break before removing the discussed documents from her designated personal hard drive. She did not remove any emails because she was unclear on which emails were being referenced as a violation of policy.

30. At 3:00PM Ms. Kephart returned to the HR department and was told by Ms. Winderlich that she was being terminated for violating the IRUA policy. Plaintiff was instructed to sign a statement issued by Gwendolyn Winderlinch as the Pre-deprivation officer. The form stated that the Plaintiff was entitled to an appeal proceeding through the State Employees Appeal Court and instructed her where to find forms.

31. A supervisor, Dave Hudson, from the tax division was asked to accompany Ms. Kephart back to her desk to retrieve personal items and then to escort Ms. Kephart out of the building.

32. M. Kephart was not paid for her accrued vacation, sick and personal time upon termination.

33. On February 24, 2015, Plaintiff filed a timely appeal and followed through on her rights as a classified employee through the state employees appeal process.  After careful review of the IRUA policy, Ms. Kephart determined that the policy violations cited as reason for termination did not seem to apply to her documents. She explained in her appeal that there were no documents which fit the stated parameter on her computer.  Ms. Kephart also informed them that the state had a progressive discipline policy which had not been followed in regards to her discharge, *"There was no opportunity given to take corrective measures nor did the discharging officer clarify which of my actions made "my continued employment in the state government unacceptable.""*  Ms. Kephart also stated that there should be *"a comprehensive guideline to be drafted for classified employees who are confronted with a pre-deprivation meeting so they understand what their obligations, rights, and responsibilities should be when, or if, requested to attend such meeting as I was unable to find such items and was unprepared to defend myself or understand what my rights and responsibilities were in regards to the process."*

34. On March 6, 2015, Laura Twyman responded to Plaintiff's complaint with a form letter restating the reasons for termination, denying and dismissing her complaint, and instructing her on the next level of appeal.

35. On March 11, 2015, Plaintiff filed a timely appeal to the State Personnel Director as directed in the SEAC instructions.  Jon Darrow was the Director of Personnel at this time.  Included in her request for review was the same information submitted to the agency listed in preceding paragraphs.  In addition, she stated in her cover letter that *"it took me three years of applying diligently with the State of Indiana before I was finally hired and I would not have knowingly violated any policy as this is where I intended to retire.  I also quit 2 jobs to take the Audit Examiner position."*  On April 10, 2015, Bruce Baxter with the State Personnel Department responded with a similar pre-formatted letter restating the reasons for termination, denying and dismissing the Ms. Kepharts complaint, and instructing her to the next level of appeal.

36. While appealing through SEAC, Ms. Kephart initiated a claim for unemployment benefits Case No. 80151.  This claim was initially awarded, then reversed by an ALJ with the Department of Workforce Development.  On April 23, 2015, Plaintiff appealed to the DWD Board of Review and the case was remanded back to the ALJ based on prior case law submitted by Ms. Kephart, which cited Coleman v. Review Board of the Indiana Department of Workforce Development on the basis of undefined de minimus use.  Stanrail, 735 N.E. 2d at 1203.  It was during this process that she learned the defense was no longer focusing on the documents themselves violating policy, but that it was the volume of documents that led to her termination.  Ms. Kephart was awarded her claim for unemployment benefits May 8. 2015.

37. On April 23, 2015, Ms. Kephart also submitted her SEAC appeal to the State Employees Appeals Commission.  Plaintiff restated her position addressing the progressive discipline not being followed, stating written documents on the computer were part of a self-improvement regime which served to strengthen her writing skills for the position, and stating she had been unaware they were a violation of policy.

38. On April 27, 2015, petitioner received notice of a pre-hearing conference.  In the notice, Ms. Kephart was erroneously listed as an at-will employee and with the incorrect name.  She notified the ALJ, Hon. Gabriel Paul, of the errors and the document was corrected.

pg. 8

39. On May 29, 2015, a pre-hearing conference was held for the State Employees Appeal Commission.  Ms. Kephart attended pro-se.  Ms. Kephart restated her concerns regarding how policy was being interpreted by the state.  She explained her interpretation of the policy and how it was written and that she had been unaware that her actions constituted any policy violation.  Ms. Kephart stated that she assumed the termination was an error and reaffirmed that her primary focus was to get back to work.  She was informed by counsel, Cynthia Lee and Jack Gannon, that the agency (DWD) was firm in their termination and that she would not be allowed to return to work.  Counsel for the state claimed the Ms. Kephart had work issues in addition to the policy violations cited for termination.  Petitioner informed the court that she had a satisfactory performance evaluation on file and that she was unaware of any work issues. The ALJ asked if both parties had participated in any type of mediation and the Ms. Kephart stated that she had not.

40. The parties agreed to attempt mediation and a status conference was scheduled for June 29, 2015.

41. On June 29, 2016 the status conference was held.  As the petitioner had been unsuccessful in negotiations, she retained a lawyer, Dennis Wilson.  Both were in attendance, as well as, Cynthia Lee and Jack Gannon.  The state offered mediation assistance through a state program and both parties again agreed to attend.  Hon. Gabriel Paul stated again that if the case went to a hearing that petitioner was an at-will employee and had the burden of proof in the case.  Petitioner counsel reminded ALJ this case involved a classified employee and that the state had the burden of proof.

42. Petitioner counsel asked for collateral estoppel regarding "just cause" because the issue had already been decided by the Department of Workforce Development Review Board.  Mr. Wilson presented Coleman v. Review Board of the Indiana Department of Workforce Development, on the basis of undefined de minimus use, and Stanrail, 735 N.E. 2d at 1203.  ALJ stated that petitioner was not allowed to use prior DWD determinations to substantiate her case as he was not allowed to take those determinations into consideration.  ALJ denied collateral estoppel.

43. On September 29, 2015, Plaintiff participated in a mediation through her SEAC process.  At this time, she learned that she had been designated in the state personnel system as 'not eligible for rehire', _IAC § 22-5-3-1_.  She had not previously been informed of this and had spent the prior seven months applying for positions with the State of Indiana at agencies not affiliated with DWD.  It is statewide practice that a hiring agency review the personnel status of past employees.  Being designated as "not eligible for rehire' effectively blocked Ms. Kephart from future employment with any agency within the State of Indiana.

44. The parties were not able to come to a mutually agreeable arrangement and the case was referred back to the ALJ to schedule a hearing.

45. An evidentiary hearing was held on February 23, 2016 and a non-final order issued.  Numerous errors and issues were addressed in Plaintiff's SEAC Post-Hearing Brief which included again erroneous classification of the Plaintiff as an at-will employee.

46. Several key points were overlooked by the ALJ, Hon. Gabriel Paul, when making his final determination:
    a.  ALJ ignored testimony of supervisor Elizabeth Huffman who stated that employees work fell within acceptable standards;
    b.  ALJ ignored a performance evaluation showing plaintiff's work met agency standards;

   c.  ALJ placed no weight on testimony by Gwendolyn Winderlich in which she stated that she sought out General Counsel, Jeffrey Gill, for clarification on the de minimus policy prior to making her determination to terminate Ms. Kepharts employment because Ms. Winderlich was unclear on whether the number of items constituted a de minimus use violation; yet Ms. Winderlich expected employees with only cursory training on policy to know what those standards were and how they were being enforced;

   d.  ALJ ignored testimony of Ms. Kephart who testified under oath that she had never been paid for any of her writing, that it was an activity she was involved in to improve her writing skills for the job, and that it was not paid 'work' that qualified as ghost employment;

   e.  ALJ used four DWD cases and determinations when writing his final order.  Refer to preceding paragraphs.  Previously, petitioner had been told that she could not use Coleman v. Review Board of the Indiana Dept. of Workforce Development, and State Board of Tax Commissioners 93A02-0809-EX-803 (2009) to plead her case, nor the issue of just cause which had already been argued and decided by the Department of Workforce Development in her unemployment claim;

   f.  ALJ inaccurately reworded IRUA policy in order to force evidence to fit specific policy violations, many of which were the same policies the Petitioner had already pointed out in testimony and briefs as being inaccurately interpreted when compared to how the policy was actually written, and contrary to the use of properly formatted English.

47.  SEAC No. 04-15-029 final order was issued on August 10, 2016 against the Plaintiff.  SEAC found that this was a "just cause" case under IC § 4-15-2.2-23(a) and that the state had cause for imposing the adverse employment action.  The ALJ, Hon. Gabriel Paul, provided Miller v. FSSA, SEAC no. 05-12-060 (2012); Cole v. DWD, SEAC no. 02-12-019 (2013), and Johnson V. DWD, SEAC no. 05-13-034 (2014).  In each of these cases, the "employee" had been previously warned of work related issues and were participating in a Work Improvement Plan (WIP).  The Plaintiff had never been disciplined in relationship to her work, or any policy, and until termination had not been aware that she was in violation of any policy.  These cases are clearly not comparable cases since the Plaintiff had not been afforded the benefit of any WIP.

48.  ALJ, Hon. Gabriel Paul, also cited Conklin v. Review Board of DWD, 966 N.E.2d 761, 764 (Ind. Ct. App. 2012) using this as the basis for affirming "just cause".  However, this case under 93A02-1109-ex-864 (April 24, 2012) was reversed in favor of the Claimant / employee as it was *"unreasonable because of the lack of evidence"*.  More importantly it was another example of a case involving the DWD and Review Board which the ALJ stated the Petitioner could not use to substantiate her case.  There is clearly a double standard here which effects an employee's ability to efficiently defend themselves in a state run appeals process.

49.  Plaintiff has exhausted appeal remedies with SEAC No 04-15-029 and now moves the case to federal court.  Appeals to any other state agency at this point appear to be futile as the underlying issues involved with the case are being overlooked; the primary issues of written notice being served 30 days prior to adverse employment action; and, the lack of progressive discipline sequence being followed.

## Additional Facts

The case law as laid out on paper does not adequately convey the loss sustained by the Ms. Kephart or to the State of Indiana, both in the loss of this employee and due to what is occurring with their policy administration.

Ms Kephart resigned from two jobs to accept the position of Audit Examiner 3 with her sights set on retirement after she meet her minimum requirements, at age 62. She had been seeking employment with the state since 2008.

Over her adult working career, Ms. Kephart had accumulated over twenty years of experience in establishing and administering personnel policies for the companies who employed her which made her an ideal candidate for the complicated Indiana Code that governed the Unemployment Tax Division with the Department of Workforce Development.

During the time Ms. Kephart was employed by the Department of Workforce Development, she had been approached regarding promotion opportunities by both her supervisor, Elizabeth Huffman and the Director of Tax, Jennifer Chappell. It was suggested that supervisory duties were on the horizon with the possibility of reaching director status within 5 years.

It was a shock to find she had been terminated from the state for violating known policies as she had spent her entire adult life not only administering policy, but rewriting policy that no longer served her companies goals and mission statements.

With her background in policy administration, Ms. Kephart felt she had understood the IRUA policies as they had been written. Over the course of her appeals process, she attempted to guide key players involved to a greater understanding of the meaning and applications of their policies, as they are written.

If the state wishes to apply a standard of interpretation to a written policy that isn't clearly understood by the language currently used within the policy, then it is the State of Indiana's duty and responsibility to revise and convey the new standards to the employees of the State of Indiana. Revised policies cannot supersede state or federal law. Even with policy revisions, classified employees cannot be denied a properly executed notice of adverse action regarding their employment, nor can they be denied an opportunity to correct behavior through progressive discipline, unless they have been implicated in criminal conduct. Even those cases should be approached with caution as our society adheres to the "innocent until proven guilty' theory.

Ms. Kephart has been patient allowing the process to unfold as required by the state statues and cooperating with their process. She has gained immeasurable and usable experience with the claimant side of the unemployment insurance (UI) process, the appeal side of the UI, and the state employee's appeals commission process. It is because of her work ethic that she feels strongly about policies which are being poorly administered, misapplied, and the lack of voice given to employees during a SEAC appeal. The appeal process does not work for an employee if they are not allowed to be heard. Ms. Kephart has brought her case to this court for review.

## **Prayer for Relief**

Wherefore, the Plaintiff, Ms. Kephart, request that this court enter judgment against the defendants providing the following relief:

(a) A retroactive reinstatement to Audit Examiner 3 position, with all attendant back pay, benefits and other emoluments of employment, including pay withheld for vacation, personal, and sick time accrued prior to termination.

(b) Compensatory damages suffered due to violation of her FLSA and civil service rights as recommended by the court or jury.

(c) Front pay at the Audit Examiner 3 level (including pay increases) until she reaches the age of 62 when she would have retired from the State of Indiana had it not been for the State of Indiana, and the Department of Workforce Developments, management's practice of discriminatory treatment of her.

(d) Costs and reasonable attorney fees incurred with this lawsuit with interest thereon.

(e) Other damages and further relief as deemed just.

(f) An order enjoining/restraining defendants from further acts of discrimination or retaliation. And,

(g) Plaintiff respectfully requests that the court address the policy issues above in a manner that will help guide the state and employees in future proceedings.

## **Jury Demand**

The Plaintiff requests trial by jury.

## Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully Submitted,

Brigitte J. Kephart
Pro Se
2918 MacPherson Ave
Indianapolis, IN 46205
(317) 345-5562
Brigitte.kephart@yahoo.com